UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| In re: | Chapter 11 |
| --- | --- |
| LAVATEC, INC. | Case No. 09-32004 (LMW) |
| Debtor | |

## ORDER CONFIRMING PLAN OF LIQUIDATION FOR LAVATEC, INC.

The plan under chapter 11 of the Bankruptcy Code sponsored by the Debtor and Official Committee of Unsecured Creditors and dated April 8, 2011, having been transmitted to creditors and equity security holders; and

It having been determined after hearing on notice that the requirements for **confirmation** set forth in [11 U.S.C. § 1129(a)](#) and [11 U.S.C. § 1129(b)](#) have been satisfied;

IT IS **ORDERED** that:

The plan sponsored by the Debtor and Official Committee of Unsecured Creditors and dated April 8, 2011, is **confirmed,** and it is further

**ORDERED**, that the bid of Laundry Acquisition Inc. ("LAI") to purchase the Assets (as hereinafter defined) is the highest and best offer obtained by the Debtor in accordance with the Sale Procedures Order dated April 27, 2011 (Doc. ID. 266); and it is further

**ORDERED**, that the Debtor is authorized to enter into and consummate the Asset Purchase Agreement with Laundry Acquisition, Inc., dated as of April 8, 2011, (together with related documents, agreements and instruments, collectively the "Sale Agreement"); and it is further

**ORDERED**, that the Debtor is authorized to sell the assets described in the Sale Agreement (the "Assets"); and it is further

**ORDERED**, that the approval of the sale of the Assets and the consummation of the sale are in the best interest of the Debtor's estate; and it is further

**ORDERED**, that the consideration to be paid to the Debtor by LAI or its assignee for the Assets is fair and constitutes reasonably equivalent value; and it is further

**ORDERED**, that all requirements of the Bankruptcy Code and any other applicable law relating to the sale of the Assets have been satisfied; and it is further

**ORDERED**, that the Debtor and its directors, officers, representatives, and attorneys are authorized, directed and empowered now and in the future to carry out the sale, to issue, execute, deliver, file and record, as appropriate, all additional documents, and to take any other action as will be consistent with, and necessary or appropriate to, implement, effectuate, and consummate the sale of the Assets to LAI or LAI's assignee(s), as LAI reasonably requests at any time and from time to time, without further order of the Court; and it is further

**ORDERED**, that the discussions and negotiations between the Debtor and LAI and the sale of the Assets to LAI have been at all times conducted in good faith, at arm's length, and without collusion, and that LAI is a good faith purchaser of the Assets and is entitled to the protections of a good faith purchaser with respect to the transactions approved hereby; and it is further

**ORDERED**, that the transfers by the Debtor of the Assets to LAI or its assignee(s) (a) are and will be legal, valid, and effective transfers of the Assets to such entity, (b) constitute transfers for reasonably equivalent value and fair consideration, and (c) vest and will vest LAI or its assignee(s), with all right, title, and interest of the Debtor in and to the Assets, free and clear of all liens, claims, and encumbrances, said liens claims and encumbrances to be satisfied by the Debtor in accordance with the terms of the Plan, see 11 U.S.C. § 1141; and it is further

**ORDERED**, LAI or its assignee(s) under the Sale Agreement shall not have any successor or other liability for any liens, claims, interests, or encumbrances of any kind or nature whatsoever against or related to the Debtor and/or the Debtor's estate (other than the Assumed Obligations under the Sale Agreement); and it is further

**ORDERED**, that secured parties and lien holders shall release all liens and security interests in the Assets at the closing of the sale of the Assets to LAI or its assignee(s); and it is further

**ORDERED**, that all of the provisions of this Order are nonseverable and mutually dependent; and it is further

**ORDERED**, that there are no brokers or agents in connection with the sale of the Assets and no broker or agent commissions are due to any person; and it is further

**ORDERED**, that the transfer of the Assets (including the real estate owned by Lavatec, Inc. in Naugatuck, Connecticut) to LAI or its assignee, is subject to the special tax provisions of 11 U.S.C. § 1146 and as such may not be taxed under any law imposing a stamp tax or similar tax; and it is further

**ORDERED**, that an application for a final decree shall be filed on or before December 30, 2011. A copy of the **confirmed** plan is attached.

Dated: June 1, 2011                                BY THE COURT

                                                   Lorraine Murphy Weil
                                                   Chief United States Bankruptcy Judge